*293 Opinion of the Court.
THIS suit was brought in chancery by the heirs of Thomas Neely, deceased, to compel William Meredith, the administrator of the decedent, Thomas, to settle the accounts of his administration, and to pay to the distributees, the amount to which, on a settlement, they might be found to be entitled.
The cause was finally heard, and a decree pronounced by the circuit court, ordering the administrator to pay to the heirs, seventy one pounds, six shillings and one penny three farthings, together with interest on twenty one pounds, three shillings and ten pence, at the rate of six per centum per annum, from the 16th of July, 1810, until paid and costs; but it was provided in the decree, that if the administrator should satisfy the court that he had demanded of the heirs bond with security, to refund to him, in case debts should thereafter appear against the estate, the court should have power to restrain the collection of the sum decreed, until such bond, with security, should be given.
In the progress of the cause, the court appointed an auditor to adjust the accounts ; and after the auditor reported, by consent of the parties, others were appointed, without any order setting aside the report which was previously made, and the decree of the court has adopted the report made by the auditors last appointed, in fixing on the amount which the administrator is ordered to pay.
It is objected, that the court erred in appointing the auditors in the last instance, and in decreeing according to their report, without first disposing of the report of the first auditor.
1. To this objection it is, however, sufficient to remark, that the auditors last appointed, appear to have been appointed by the mutual consent of the parties; and after consenting to the appointment, neither party ought to be permitted to controvert the regularity of the appointment.
2. But even had there been no consent of the parties, the objection is not of a character which ought to be availing in this court. The appointment of auditors, is nothing more than an order preparatory to a final hearing of the cause, and no irregularity in the making of such orders, ought ever to affect the final decree, *294 unless in consequence of such irregularity, some prejudice accrues to the complaining party ; but in this case, it is impossible to imagine, any injury which can have accrued to the administrator, by the failure to set aside the report, which was made by the auditor first appointed.
In no case will an assignment of errors, questioning the regularity of appointing auditors in chancery, be attended to by the court of appeals, unless it appears that the irregularity complained of, was prejudicial to the complaining party.
In decreeing the payment by an administrator of the estate of the intestate, to the distributees, the most regular way is, to make the execution of the refunding bond, required by the statute, a condition precedent to the payment.
It is also objected, that the widow of the intestate should have been made a party to the suit.
That, in suits like the present, brought for a distribution of the personal estate of the intestate, the widow, if any there be, is a necessary party, will not be denied ; but it is a sufficient answer to the objection in this case, that the record contains no suggestion of the intestate having left a widow, and without a suggestion to that effect, this court ought not to presume there is a widow.
But on the merits, we apprehend, the decree is erroneous. There is, no doubt, enough in the record to authorize a decree for the complainants; but the amount decreed, we suppose, to be more than the administrator is shown to be liable for. The only error that exists in the amount, consists in the total rejection by the auditors, of a payment of thirty pounds six shillings, made by the administrator to Samuel Neely, Samuel Neely appears to have possessed no competent authority to receive any part of the estate to which the other children of the intestate are entitled ; and as to them, the payment which was made by the administrator to him, can have no prejudicial effect; but Samuel Neely is one of the children of the intestate, and, so far as he has any interest in the distribution, the payment made to him ought to have been taken into the account, and a credit given to the administrator by the auditors.
3. It would also have been more correct, for the court, instead of making a joint decree in favor of all the complainants, to have decreed to each the amount to which they are severally entitled. Such a decree would not only do justice between the children, but as from the report of the auditors each cannot be entitled to an equal interest, it would supersede any future contest between them about the estate.
We are also of opinion, that the court ought, in their decree, to have made the payment by the administrator to depend upon the execution of a bond with securi *295 ty, and not left, as it did, the necessity of the distributees giving bond, to depend upon the future inquiry, whether or not such bond had been previously demanded by the administrator.
The decree must be reversed with costs, the cause remanded to the court below, and a decree there entered, not inconsistent with this opinion.